54 F.3d 774
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dana Demone BRINSON, a/k/a Rock, Defendant-Appellant.
 No. 94-5703.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 20, 1995.
Decided May 18, 1995.
 
 Bruce S. Harvey, Atlanta, GA, for Appellant. Mark T. Calloway, United States Attorney, Andrew J. Kline, Special Assistant, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Appellee.
 Before WIDENER, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Dana Brinson appeals from his conviction pursuant to 21 U.S.C.A. Sec. 846 (West 1981 & Supp.1994) for conspiracy to possess with intent to distribute cocaine. We affirm.
 
 
 2
 First, Brinson contends that the evidence was not sufficient to support a conviction for conspiracy. In addition to the parade of witnesses by the Government testifying that Brinson was a cocaine supplier and facilitator of drug connections, Brinson himself, in an attempt to establish that he was not the main supplier in this conspiracy, testified that he facilitated introductions and meetings between street-level dealers and at least one major supplier. Thus, the evidence was sufficient to support the conspiracy conviction. See United States v. Bell, 954 F.2d 232, 246 (4th Cir.1992).
 
 
 3
 Second, Brinson contends that the prosecution's comment during closing argument that Brinson should have called a witness to support his contentions that he was merely a facilitator improperly shifted the burden of proof. Even if the commentary was improper, we find no reversible error. First, the comment was isolated. In light of the substantial evidence against Brinson, we find that the error did not affect his substantial rights. Fed.R.Crim.P. 52(a). Second, because there was no objection at trial, the claim would only be cognizable if the statement was plain error resulting in a miscarriage of justice; we find that there was no plain error here. United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S.1993). Finally, the district court instructed the jury that it was not to consider the prosecution's comment. It reiterated the instruction during the jury charge. Thus, we find that Brinson's rights were protected. United States v. Francisco, 35 F.3d 116, 119, 120 n. 3 (4th Cir.1994).
 
 
 4
 Therefore, we affirm Brinson's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED